IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERARD JOHNSON, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )   Civil Action No. 24-00398-KD |
| | ) |
| UNITED STATES, | ) |
| | ) |
|    Respondent. | ) |

**ORDER**

This action is before the Court on a letter from Gerard Johnson which the Court construes[1] as a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 (doc. 1). Upon consideration, and for the reasons set forth herein, the Petition is DISMISSED without prejudice for failure to exhaust administrative remedies with the Federal Bureau of Prisons.

I. Background

In United States v. Gerard Johnson, Criminal Action No. 2:17-00249-TFM (S.D. Ala. 2017), Johnson was convicted and sentenced for the offense of felon in possession of a firearm. Upon release from prison, he began his term of supervised release. In November 2023, he was found to have violated his conditions of supervision and was sentenced to eleven (11) months in prison to be followed by eleven (11) months of supervised release. As a special condition, he was ordered to serve the first six (6) months of supervised release at a Residential Re-Entry Center (RRC).

In United States v. Gerard Johnson, Criminal Action No. 2:24-00018-KD (S.D. Ala. 2024), Johnson pled guilty to Count II of the Indictment charging wire fraud. On July 26, 2024, he was

---

[1] "Courts are obligated to 'look behind the label' of pro se inmate filings to determine whether they are cognizable under 'a different remedial statutory framework.'" United States v. Brown, 748 Fed. Appx. 286, (Mem)–287 (11th Cir. 2019) (quoting United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990)).

sentenced to six (6) months in prison to be followed by five (5) years of supervised release (doc. 47).  As a special condition, he was ordered to serve the first six (6) months of supervised release at an RRC. The Court imposed this term of supervised release "to run concurrently to the Revocation Supervised Release Term imposed in 2:17-CR-00249-TFM." (Id.).

Johnson is in the custody of the Federal Bureau of Prisons. He is incarcerated at the Baldwin County Corrections Center (BCCC),[2] in Baldwin County, Alabama, which is in the Southern District of Alabama.

II. Analysis

Johnson states that he has been in custody since October 2023.  Johnson reports that BCCC officials told him that his release date is December 31, 2024.  He argues that he should have been released on September 16, 2024, to start the concurrent six (6) months of supervised release at an RRC.  He moves the Court to "please see to it that [he] is released to the halfway house immediately" (doc. 1).

Johnson challenges the manner of execution of his sentence, which is a claim properly brought pursuant to 28 U.S.C. § 2241. Vieux v. Warden, 616 Fed. Appx. 891, 896 (11th Cir. 2015) (citations omitted).  However, federal prisoners, seeking relief under § 2241 must first exhaust their administrative remedies through the federal Bureau of Prisons before seeking relief in the federal courts. See Santiago-Lugo v. Warden, 785 F.3d 467, 471-75 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one."). "The exhaustion requirement 'let[s] the agency develop the necessary factual background upon which decisions should be based; ... permit[s] the agency to exercise its discretion or apply its expertise; [and] ... conserve[s] scarce judicial resources, since the complaining party may be successful in vindicating rights in the

---

[2] A petition for habeas corpus pursuant to 28 U.S.C. § 2241 filed by a federal defendant must be filed in the district where the petitioner is incarcerated. United States v. Plain, 748 F.2d 620, 621 n.3 (11th Cir. 1984); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991) (same).

administrative process and the courts may never have to intervene[.]'" Rufus v. Dir. of Geo Residential Reentry Ctr., No. 8:24-CV-1799-SDM-CPT, 2024 WL 4475610, at *1 (M.D. Fla. Sept. 20, 2024) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)). The administrative procedures are found at 28 C.F.R. § 542.10-542.19 and BOP Program Statement 1330.16.

III. Certificate of appealability

Because Johnson is a federal prisoner proceeding pursuant to 28 U.S.C. § 2241, he is not required to obtain a certificate of appealability before filing an appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

IV. Conclusion

Upon consideration, and for the reasons set forth herein, Johnson's petition is dismissed without prejudice for failure to exhaust his administrative remedies with the Bureau of Prisons.

DONE and ORDERED this 14th day of November 2024.

   s/ Kristi K. DuBose  
**KRISTI K. DuBOSE**  
**UNITED STATES DISTRICT JUDGE**